# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISCILLA KRARUP, : | |
|       Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| MARKOWITZ, DELLHAM AND BLOCK : | No. 16-0861 |
| DMD, LLC b/d/a MAIN LINE CENTER FOR : | |
| DENTAL EXCELLENCE, and : | |
| DR. DAVID BLOCK, DMD, : | |
|       Defendants. : | |

**MCHUGH, J.**                                                                                                                                                                   **June 12, 2017**

## <u>MEMORANDUM</u>

      This is a discovery dispute arising out of an employment discrimination suit. Defendant seeks clarification of the Court's order of March 27, 2017. In March, without first providing Plaintiff with notice as required under Rule 45, Defendants served subpoenas ducus tecum on two of Plaintiff's former employers seeking production of "all documents . . . in your possession regarding [Plaintiff]." Plaintiff responded with a Motion to Quash Third Party Subpoenas and for a Protective Order. In support of that motion, Plaintiff raised two main arguments. First, she claimed that Defendants' actions prejudiced her by putting her former employers on notice of her lawsuit, thereby damaging her reputation within the close-knit community of Suburban Philadelphia dentists where she would likely seek future employment. Second, she claimed that Defendants' request for "all documents" was overbroad and therefore exceeded the scope of discovery. I granted Plaintiff's motion and directed Defendants to respond to Plaintiff's

arguments to the extent that they wished to re-issue the quashed subpoenas. Defendants' response is now before me.

"The serve-and-volley of the federal discovery rules govern the resolution of [a] motion to quash." *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 164 F.R.D. 623, 625 (E.D. Pa. 1996). The subpoenaing party must first demonstrate that it seeks "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the subpoena falls within the bounds of discovery, the movant must demonstrate that Rule 45 provides a basis to quash.

Defendants fail to hold serve. Although they have responded to Plaintiff's argument concerning prejudice, they do not explain how their all-encompassing subpoenas fall within the scope of discovery. In the context of employment discrimination suits, "[c]ourts have routinely found blanket requests for a plaintiff's entire personnel or employment file to be impermissibly broad." *Saller v. QVC, Inc.*, No. CV 15-2279, 2016 WL 8716270, at *4 (E.D. Pa. June 24, 2016). By failing to address the issue of scope, Defendants have failed to carry their burden; my order quashing Defendants' subpoenas therefore remains in effect. If Defendants wish to re-issue their subpoenas, they should file with the court a Motion to lift the earlier order and should address fully the arguments that Plaintiff raised in her Motion to Quash Third Party Subpoenas and for a Protective Order.

    /s/ Gerald Austin McHugh
United States District Judge